◯                                    ◯

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| The Media Group, Inc., National Communications Corporation, American Direct Marketing, Inc., International Media, Feldman Industries and Herman S,. Howard, | ) ) ) ) ) | 2003 OCT 10 ⌐ 4: 37  DISTRICT C  NEW HAVEN, C |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 3:02CV1814 (MRK) |
| Mood Cosmetics, Inc. and Raymond Tuppatsch, | ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT
## OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In accordance with this Court's October 1, 2003 Order, Defendant Raymond Tuppatsch,[1] by and through counsel, submits this supplemental memorandum in support of his motion for summary judgment. This brief will address two issues: (1) the choice of law question pertaining to Mr. Tuppatsch's res judicata defense, and (2) the preclusive effect that the Tennessee Court's decision in *Tennessee Lawsuit II* upholding the validity and enforceability of the Agreement and General Release has on this Court's review of the enforcement and validity of the same Release.

### I.    TENNESSEE LAW GOVERNS THE RES JUDICATA ANALYSIS

Mr. Tuppatsch's primary argument in support of his motion for summary judgment is that, under the doctrine of res judicata, the Tennessee State trial court's

---

[1]    Raymond Tuppatsch is the only remaining defendant. Defendant Mood Cosmetics, Inc., was dismissed by this Court's Order of October 1, 2003. (Docket Entry No. 45).

1

judgment in *Tennessee Lawsuit I* precludes all claims brought by the plaintiffs in this case. As set forth below, this Court must look to Tennessee law to determine the preclusive effect of the judgment rendered in *Tennessee Lawsuit I*.

The Federal Full Faith and Credit statute provides that decisions of a state court "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. Accordingly, "[i]t is well settled that a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." *Migra v. Warren City Sch. Dist.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). *See also Kremer v. Chemical Constr. Co.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Thus, "the preclusive effect in federal court of [a party's] state court judgment is determined by [state] law." *Migra*, 465 U.S. at 81, 104 S.Ct. at 896.

This rule of law is applicable irrespective of whether the federal court where the new case is filed maintains jurisdiction over that case on diversity or federal question grounds. The central directive is that the federal court must give full faith and credit to the state court judgment. This means giving the state court judgment the same res judicata effect that it would have under state law—regardless of whether the new cause of action is based on state law or federal law.

In the *Migra* case, for example, the Supreme Court applied Ohio state law res judicata principles to preclude the litigation of a  civil rights action arising under 42 U.S.C. § 1983. In doing so, the Court stated that the federal statute under which the new

claim was brought, § 1983, "does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on her state claims and then turn to federal court for adjudication of her federal claims." 465 U.S. at 85, 104 S.Ct. at 898. The Court, therefore, held that "petitioner's state court judgment in this litigation has the same claim preclusive effect in federal court that the judgment would have in the Ohio state courts." *Id.*

The same reasoning warrants application of Tennessee law in the case at bar. This Court is being asked to determine the preclusive effect that a judgment rendered by Tennessee state trial court has on the plaintiffs' claims in this lawsuit. In making this determination, this Court must give the Tennessee judgment the same preclusive effect that it would have in Tennessee. Therefore, this Court must apply Tennessee law. The fact that one of the causes of action to be precluded arises under federal law is irrelevant to this Court's analysis.

## II.    THE PLAINTIFFS MAY NOT CHALLENGE THE VALIDITY OF THE RELEASE AS A MATTER OF LAW

As an alternative ground for granting summary judgment, Mr. Tuppatsch argued that the February 4, 2000 Agreement and General Release bars this litigation under the doctrine of waiver. In response to this position, the plaintiffs attempted to challenge the validity of the Release by arguing that (1) Mr. Howard "did not recognize" his signature on the Release and (2) that Mr. Howard was not aware of Mr. Tuppatsch's fraudulent activities prior to signing the Release. (Howard Aff., *passim*).

Mr. Howard and his plaintiff corporations, however, are barred by the collateral estoppel or issue preclusion doctrine from making these arguments because a Tennessee state trial court previously rejected these arguments and upheld the validity and

3

enforceability of the Release. (*See* Docket Entry No. 46). Specifically, as explained in Mr. Tuppatsch's Reply Brief (Docket Entry No. 38, pp. 9-10), in *Tennessee Lawsuit II*, Mr. Tuppatsch sued Mr. Howard and his companies for breaching the Release by filing *Tennessee Lawsuit I.* Mr. Tuppatsch then filed a motion for summary judgment on liability, asking the court to uphold the validity of the Release and find that the plaintiffs actually breached the Release. Mr. Howard and his companies responded and oral argument on the motion was held on August 28, 2003. Following oral argument, the trial court found that the Release was valid and enforceable, and granted summary judgment to Mr. Tuppatsch on liability. (Docket Entry No. 46). The court reserved the issue of damages until a later hearing date. (*Id.*). This decision is an interlocutory order, and all other aspects of the case remain pending.

For the reasons stated in the section above, this Court must apply Tennessee law to determine the preclusive effect of the court's summary judgment order in *Tennessee Lawsuit II.* Tennessee law provides that the doctrine of collateral estoppel or issue preclusion is applicable if the issue sought to be precluded is the same as the issue decided in the prior suit, the issue was actually litigated, the prior judgment is final, and the party to be precluded was a party to the prior suit and had a full and fair opportunity to litigate that issue. *Hampton v. Tennessee Truck Sales, Inc.*, 993 S.W.2d 643, 646 (Tenn. Ct. App. 1999). In this case, the issue (validity of the Release) is the same, this issue was decided by the Tennessee court (Docket Entry No. 46), the Howard parties had a full and fair opportunity to litigate the issue and the issue was actually litigated. The only remaining issue is whether the Tennessee court's judgment is sufficiently final to be entitled to preclusive effect.

It does not appear that a Tennessee appellate court has addressed the issue of whether a partial grant of summary judgment on liability operates as a final judgment for purposes of collateral estoppel. *See, e.g., C.O. Christian & Sons, Inc. v. Nashville P.S. Hotel*, 765 S.W.2d 754, 765 (Tenn. 1989) (stating that Tennessee cases "do not provide much guidance, however, on the issue of what constitutes a final judgment for purposes of collateral estoppel"). In a recent decision, however, the Third Circuit interpreted Tennessee law on the issue and determined that Tennessee would follow the rule as set forth in Section 13 of the Restatement (Second) of Judgments. *See Sentinental Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 221 (3d Cir. 2003).

> Section 13 of the Restatement (Second) of Judgments provides as follows:

> The rules of res judicata are applicable only when a final judgment is rendered. However, for purposes of issue preclusion (as distinguished from merger and bar), "final judgment" includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect.

RESTATEMENT (SECOND) OF JUDGMENTS, § 13. Comment g to this section outlines the reasoning behind the rule of not requiring a final, non-appealable judgment for purposes of invoking collateral estoppel or issue preclusion. That comment provides, in pertinent part, as follows:

> To hold invariably that that kind of carry-over is not to be permitted until a final judgment in the strict sense has been reached in the first action can involve hardship—either needless duplication of effort and expense in the second action to decide the same issue, or, alternatively, postponement of decision of the issue in the second action for a possibly lengthy period of time until the first action has gone to a complete finish. In particular circumstances *the wisest course is to regard the prior decision of the issue as final for the purpose of issue preclusion without awaiting the end judgment.*

RESTATEMENT (SECOND) OF JUDGMENTS, § 13 cmt g (emphasis added).

Accordingly, the determination of whether an interlocutory judgment is a "final judgment" for issue preclusion purposes requires an analysis of the factors such as "the nature of the decision (i.e. was it not avowedly tentative), the adequacy of the hearing, and the opportunity for review." *Metromedia Co. v. Fugazy*, 983 F.2d 350, 366 (2d Cir. 1992). Moreover, "[t]he mere fact that the damages awarded to the plaintiff have not been yet calculated, though normally precluding an immediate appeal, . . . does not prevent use of a final ruling on liability as collateral estoppel." *Id. See also Lummus Co. v. Commonwealth Oil Refining Co.*, 297 F.2d 80 (2d Cir. 1962); *Zdanok v. Glidden Co.*, 327 F.2d 944 (2d Cir. 1964); *Sentinental Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213 (3d Cir. 2003); *Sherman v. Jacobson*, 247 F. Supp. 261 (S.D.N.Y. 1965).

These rules expressed in Section 13 of the Restatement as well as the cases cited above warrant a finding that the summary judgment ruling in *Tennessee Lawsuit II* is entitled to preclusive effect in this Court. As the Tennessee Court's opinion makes clear, it was a thoughtful opinion rendered after a full and fair opportunity for all the parties to be heard. The Court's decision is in no way tentative; to the contrary, it is a confident expression that the Howard parties had no viable defense to the enforcement of the Release. The fact that the decision is an interlocutory order awaiting a damages hearing is of no consequence in this Court's collateral estoppel analysis. *See Metromedia*, 983 F.2d at 966.

There simply is no reason for this Court to duplicate the Tennessee Court's efforts in going through discovery, reviewing proof, and making a decision on the validity of the Release. The parties completed that exercise in Tennessee, and the results of that exercise are entitled to preclusive effect. As such, Mr. Howard and his companies are

estopped from arguing that the Release is invalid or otherwise unenforceable. With this defense precluded as a matter of law, Mr. Tuppatsch is entitled to summary judgment as the Release signed by the parties operates as a bar to this current lawsuit.

## CONCLUSION

For all the reason set forth above and in Mr. Tuppatsch's prior pleadings, Mr. Tuppatsch submits that his motion for summary judgment must be granted and all claims asserted against him dismissed with prejudice.

Respectfully submitted,

TYLER, COOPER & ALCORN, LLP

Michael T. McCormack, ct 13799
Paul Guggina, ct 23409
185 Asylum Street
CityPlace/35th Floor
Hartford, Connecticut  06103-3488
Telephone: 860-725-6200
Facsimile: 860- 278-3802
pguggina@tylercooper.com

MILLER & MARTIN, LLP
Kenneth M. Bryant, ct 24537
E. Todd Presnell, ct 24536
1200 One Nashville Place
150 Fourth Avenue North
Nashville, Tennessee  37219
Telephone: 615-244-9270
Facsimile:  615-256-8197

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent by U.S. Mail, first class postage prepaid, to Alexander H. Schwartz, Esq., 3695 Post Road, Post Office Box 701, Southport, Connecticut 06480-0701, on this 10th day of October, 2003.

Paul Guggina