UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE MEDIA GROUP, INC., NATIONAL COMMUNICATIONS CORPORATION AMERICAN DIRECT MARKETING, INC.: INTERNATIONAL MEDIA, FELDMAN INDUSTRIES, INC. AND HERMAN S. HOWARD<br>    Plaintiffs, | Civil Action No.<br>3:02CV1814 (MRK) |
| v | |
| RAYMOND TUPPATSCH AND MOOD COSMETICS, INC.<br>    Defendants | OCTOBER 24, 2003 |

## RESPONSE TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT

The plaintiffs hereby submit this response to the defendant's supplemental memorandum in support of their opposition to the defendant's motion for summary judgment. For reasons set forth more fully below, the plaintiffs agree with the defendant that the Court must look to Tennessee law in determining whether or not res judicata applies. In so doing, however, they submit that the defendant has failed to establish that the Tennessee Chancery Court's recent decision is sufficiently "final" to entitle it to preclusive effect. Further, genuine issues of material fact continue to exist concerning the validity of the release, and whether it was fairly and knowingly made with respect to the claims asserted by the plaintiffs in this action, such that summary judgment is inappropriate at this point.

**I.      THE FULL FAITH AND CREDIT DOCTRINE MANDATES THAT THE COURT APPLY TENNESSEE LAW TO DETERMINE WHETHER OR NOT TO GIVE PRECLUSIVE EFFECT TO A JUDGMENT RENDERED IN TENNESSEE STATE COURT.**

"The mandate of 28 U.S.C. § 1738 requires that 'judicial proceedings [of any court of any State] shall have the same full faith and credit in every court within the United States . . . as they have . . . in the Courts of such State.' The statute requires that we 'give the same preclusive effect to [the] state Court judgments that those judgments would be given in the courts of the State from which the judgments emerged.'" Fayer v. Town of Middlebury, 253 F.3d 117, 123-24 (2d. Cir. 2001); Kremer v. Chemical Construction Corp., 456 U.S. 461, 466, 72 L. Ed. 2d 262, 102 S. Ct. 1883 (1982); see also Migra v. Warren City Sch. Dist., 465 U.S. 75, 81, 79 L. Ed. 2d 56, 104 S. Ct. 892 (1984). It is therefore clear that this Court must apply Tennessee law to determine the preclusive effect, if any, to give the judgment in Tennessee Lawsuit I, or for that matter, the Chancery Court's recent grant of partial summary judgment in Tennessee Lawsuit II. However, the burden lies with the party asserting the defense of res judicata or collateral estoppel to establish its validity. Porter v. Phillips, 1992 Tenn. App. LEXIS 8, at *14 (citing Garrett v. Corry Foam Products, Inc., 596 S.W.2d 808, 809, 1980 Tenn. LEXIS 430, at *3) (emphasis added)).

**II.     UNDER TENNESSEE LAW, A GRANT OF PARTIAL SUMMARY JUDGMENT DOES NOT CONSTITUTE A FINAL JUDGMENT SUFFICIENT**

**TO ENTITLE THE DEFENDANT TO PRECLUSIVE EFFECT UNLESS THE RECORD REVEALS AN EXPRESS DETERMINATION OF FINALITY BY THE TRIAL COURT.**

"Tennessee cases clearly indicate that, in order to warrant the application of res judicata (of which collateral estoppel is one type), a prior adjudication must be final." C.O. Christian & Sons Co., Inc. v. Nashville P.S. Hotel, Ltd., 765 S.W.2d 754, 756 (Tenn. App. 1989). Although Tennessee cases do not provide much guidance on what constitutes a "final judgment" for purposes of collateral estoppel, the Tennessee Appellate Court has held that the Tennessee Rules of Appellate Procedure do. Id. As would be expected, those rules provide for an appeal of right in civil actions *only* from a final judgment. See Tenn. R. App. 3(a). For purposes of appeal, Tennessee cases have described a judgment as final "when it decides and disposes of the whole merits of the case leaving nothing for further judgment of the court." C.O. Christian & Sons Co., Inc., 765 S.W.2d at 756 (citing Saunders v. Metropolitan Government of Nashville, 214 Tenn. 703, 709 (1964)).

In C.O. Christian & Sons Co., Inc., the plaintiff, subcontractor, asserted that the defendant, owner, was estopped from filing its motion to dismiss due to a prior order of the Chancery Court overruling the defendant's motion to dismiss in a separate proceeding. The Chancery Court disagreed, and the plaintiff appealed. 765 S.W.2d at 755. The Appellate Court held that the prior order overruling the owner's motion to dismiss was not a final judgment for purposes of collateral

3

estoppel. Id. at 756. The court stated that a denial of a motion to dismiss does not end a lawsuit, but rather, allows the lawsuit to continue, contemplates further litigation, and even pointed out that **"had the case gone to trial, the Chancery Court retained the power to change its mind** and decide to grant a second motion to dismiss." 765 S.W.2d at 756 (emphasis added).

Likewise, an order for partial summary judgment under Tennessee law is not a final judgment unless the court makes an "express determination that there is no just reason for delay [in the entry of judgment] and upon an express direction for the entry of judgment." See Tenn. R. Civ. P. 54.02. This determination is an "absolute prerequisite" to a final judgment. Harris v. Chern, 33 S.W.3d 741, 744 (Tenn. 2000).

Tenn. R. Civ. P. 54.02 provides that

> "in the absence of such determination and direction [for final judgment], any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the actions as to any of the claims or parties, and the order or other form of decision **is subject to revision at any time before the entry of the judgment adjudicating all the claims and rights and liabilities of the parties**."

(Emphasis added).

Rule 54.02 addresses the interlocutory nature of partially dispositive rulings and the right of trial courts to **reverse themselves up to and including the date of entry of a final judgment**. Harris, 33 S. W.3d 744 (emphasis added); see also C.O. Christian & Sons Co., Inc., supra (addressing the trial court's power and ability

4

to change its mind at any time up and until entry of final judgment).

In the present case, the Chancellor made no express determination or express direction for the entry of judgment, nor does the defendant point to any such action. The decision of the Chancery Court, therefore, is a non-final, non-appealable decision that is subject to reversal at any time prior to entry of judgment adjudicating all of the claims and rights and liabilities of the parties. By the defendant's own admission, the decision upon which he relies "is an interlocutory order, and all other aspects of the case remain pending." See Def.['s] Supplemental. Memo at 4. It is within the Tennessee court's power to change its mind at any time. Therefore, the third prong of the four prong test for analyzing the preclusive effect a "judgment" may have, i.e., "finalty" is not met.

In order to overcome this shortcoming, the defendant relies upon Third Circuit case law to support his contention that the recent Tennessee decision should be given preclusive effect. See Def.['s] Supplemental. Memo at 5. More specifically, he relies upon Sentinel Trust Co. v. Universal Bonding Insurance Co., 316 F.3d 213 (3d Cir. 2003) and the Restatement of Judgments (Second). Id. In Sentinel Trust Co., however, the Third Circuit determined another issue than is presented here. There, it determined that the Supreme Court of Tennessee would apply preclusive effect to findings, that were made within a judgment that had later been rescinded as part of a settlement agreement. 316 F.3d at 220-222. In that case, the Third

5

Circuit held that the Tennessee Court would apply preclusive effect to a grant of summary judgment and the findings it made coincident to that judgment. Id.

The facts of Sentinel Trust Co. are distinguishable in that they involved the vacatur of a final judgment. The ruling relied upon for collateral estoppel purposes there was grant of summary judgment, not a grant of partial summary judgment as is the situation here. Here, additional claims remain to be addressed separate and apart from the issue of damages. Even applying the language of section 13 of the Restatement of Judgments (Second) cited by the defendant[1], and without conceding it has any validity in Tennessee, application of Tennessee law, specifically Tenn. R. Civ. P. 54.02, shows that the Chancery Court's decision is a non-final non-binding one. The Restatement of Judgments (Second) §13, requires a prior adjudication to be "sufficiently firm" before it can be used for any preclusive effect. A form of decision that is subject to revision at any time before the entry of the judgment does not meet such a requirement, and does not fall within those guiding principles set forth by the Tennessee Appellate Court in C.O. Christian & Sons Co., Inc..

III. **GENUINE ISSUES OF MATERIAL FACT EXIST CONCERNING THE VALIDITY OF THE RELEASE AND WHETHER IT WAS MADE FAIRLY AND KNOWINGLY WITH RESPECT TO CLAIMS UNKNOWN AND CONCEALED FROM THE PLAINTIFFS.**

Under New York law, a release of unknown injuries or claims must be made

---

[1] See Def.['s] Supplemental Memo at 5.

6

"fairly and knowingly." Mangini v. McClurg, 24 N.Y.2d 556, 562 (1969). "[This] requirement . . . has been extended, . . . to cover . . . situations where because the releasor has had little time for investigation or deliberation, or because of the existence of overreaching or unfair circumstances, it was deemed inequitable to allow the release to serve as a bar to the claim of the injured party." Id. at 516-17.

In the present case, a genuine issue of material fact exists as to whether Mr. Howard executed the alleged Agreement and General Release in question. (Ex. M ¶5). Further, even if for purposes of this argument the Court assumes that Mr. Howard did execute the release agreement on or about February 4, 2000, material issues regarding his knowledge of the many acts of fraud, misrepresentation, and breaches of fiduciary duty committed by Tuppatsch upon the corporate plaintiffs, in addition to himself remains. (Ex. M ¶6). If fact, as set forth in the plaintiffs' Complaint, Tuppatsch acted in a calculated manner to cover up and conceal his activities from the plaintiffs. (Compl. ¶¶ 35-37, 51-53, 57). Therefore, plaintiffs contend that the release could not have been fairly and knowingly made.

## IV.  CONCLUSION:

For the foregoing reasons and those set forth in the plaintiffs Opposition to Motion for Summary Judgment, the plaintiffs submit that the defendant's motion for summary judgment should be denied.

RESPECTFULLY SUBMITTED,
THE MEDIA GROUP, INC., NATIONAL
COMMUNICATIONS CORPORATION
AMERICAN DIRECT MARKETING, INC.
INTERNATIONAL MEDIA, FELDMAN
INDUSTRIES, INC. AND
HERMAN S. HOWARD

_____
Alexander H. Schwartz, Esq. (ct 05773)
3695 Post Road, Suite 203
P.O. Box 701
Southport, CT  06890-0701
203.255.9829
203.255.9839 (fax)
THEIR ATTORNEY

## CERTIFICATION

I hereby certify that a true copy of the foregoing has been mailed this 24th day of October, 2003 to:

Michael T. McCormack, Esq.
Paul Guggina, Esq.
Tyler Cooper & Alcorn, LLP
City Place I - 35th Floor
185 Asylum Street
Hartford, CT 06103-3488

E. Todd Presnell, Esq.
Kenneth M. Bryant, Esq.
1200 One Nashville Place
150 Fourth Avenue North
Nashville, Tennessee 37219

_____
Alexander H. Schwartz

8